ON PETITION FOR REHEARING AND PETITION FOR REINSTATEMENT OF APPEAL
PER CURIAM.
Appellant in this case has filed what it terms a “PETITION FOR REHEARING” to the opinion and order of this Court on November 15, 1967, dismissing ex mero motu the appeal previously lodged here, and has also filed a “PETITION FOR REINSTATEMENT OF APPEAL AND FOR CORRECTION AND COMPLETION OF RECORD ON APPEAL”.
Attached to both said petitions are affidavits stating that when the matter of record deficiencies was raised at oral argument here on October 18, 1967,. appellant’s counsel then informed the Court that, although not disclosed in the record, a motion for new trial had been filed and ruled upon in the lower Court, which had tolled the time allowed for appeal. Appellees’ counsel had tacitly agreed such was the case. Ap-pellees’ counsel in writing now advises the Court that, at the time of argument, he made “no concessions” concerning said record deficiencies.
Our recollection is that we called attention of appellant’s counsel to the matter during argument, beyond which we do not specifically recall. However, it is immaterial. One of the oldest principles of remedial law is that jurisdiction of the Court, particularly on the appellate level, can never be conferred merely by consent of the parties, where the record indicates lack of jurisdiction.
After the argument, we waited for almost a month to give appellant’s counsel opportunity to remedy the jurisdictional defect, if it could be done. No such attempt was made, resulting in our order of dismissal of our own motion on November 15, 1967. So much for the representations made in the two petitions aforesaid.
As to the “PETITION FOR REHEARING” we know of no authority or rule which permits filing of such petition directed to an order of dismissal, especially for jurisdictional defects appearing in the record. So the “PETITION FOR REHEARING” will be stricken ex mero motu. The “PETITION FOR REINSTATEMENT OF APPEAL, etc.” will be denied on the merits.
In an abundance of caution, however, (Lane v. Most Worshipful Union Grand Lodge, etc., Fla.App. 1965, 180 So.2d 187) and further because there has heretofore apparently been no specific pronouncement by this Court that a petition for rehearing is not permitted to an order of dismissal, we herewith, in the exercise of our inherent appellate authority, grant ex mero motu the “PETITION FOR REHEARING” and also the “PETITION FOR REINSTATEMENT OF APPEAL, etc.” aforesaid.
*690 We have accordingly considered the record in this case and the adversary briefs filed therein upon the merits of the case and conclude that appellant has failed to make reversible error sufficiently to appear. The judgment appealed from is therefore
Affirmed.
ALLEN, Acting C. J., and PIERCE and HOBSON, JJ., concur.